UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEREK MORTLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JAIRAJ DUPONT, LLC,<br><br>Defendant. | ) | CASE NO.: 1:24-cv-00001<br><br>CHIEF JUDGE HOLLY A. BRADY<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF:**<br><br>**1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181, *et seq*. |

Plaintiff Derek Mortland Complains of Defendant Jairaj Dupont, LLC, and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

2. Plaintiff Derek Mortland is a person with physical disabilities who, on or about March 29, 2023, through March 30, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a Hampton Inn hotel, located at 3520 Dupont Rd., Fort Wayne, IN 46825. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in

violation of federal legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Fort Wayne, County of Allen, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the Americans with Disabilities Act.

6. Defendant Jairaj Dupont LLC, an Indiana limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Hampton Inn hotel, a public accommodation, located at/near 3520 Dupont Rd., Fort Wayne, IN 46825, and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE

III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Hampton Inn hotel as a public facility at/near 3520 Dupont Rd., Fort Wayne, IN 46825. The business, a Hampton Inn hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 3520 Dupont Rd., Fort Wayne, IN 46825. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201 General**

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Hampton Inn hotel, located at 3520 Dupont Rd., Fort Wayne, IN 46825. The Hampton Inn hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq*. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Hampton Inn hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Hampton Inn hotel as being handicapped accessible and handicapped usable.

13. On or about March 29, 2023, through March 30, 2023, Mr. Mortland was an

invitee and guest at the subject Hampton Inn hotel, arriving for purposes of obtaining lodging for the evening.

14. Mr. Mortland's purpose for obtaining lodging at Defendant's Hampton Inn hotel hotel was due to him having a meeting on March 30, 2023, at 9:00 AM, in Fort Wayne, IN; the location appeared accessible online, was affordable, and was within a reasonable distance to where Mr. Mortland had his meeting the next morning.

15. Mr. Mortland chose Defendant's Hampton Inn hotel because, while searching online for lodging, the Hampton Inn hotel held itself out as having some, if not all, of the following accessible amenities:

a. Accessible business center;

b. Accessible concierge desk;

c. Accessible elevators;

d. Accessible exercise facility;

e. Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width;

f. Accessible meeting rooms;

g. Accessible parking;

h. Accessible parking spaces for cars in the self-parking facility;

i. Accessible public entrance;

j. Accessible registration desk;

k. Accessible route from the accessible public entrance to the accessible guestrooms;

l. Accessible route from the accessible public entrance to the registration area;

m. Accessible route from the hotel's accessible entrance to the meeting room/ballroom area;

n. Accessible route from the hotel's accessible public entrance to the business center;

o. Accessible route from the hotel's accessible public entrance to the exercise facilities;

p. Accessible route from the hotel's accessible public entrance to the spa;

q. Accessible route from the hotel's accessible public entrance to the swimming pool;

r. Accessible swimming pool;

s. Accessible transportation with advance notice;

t. Bathroom doors at least 32 inches wide;

u. Bedroom doors at least 32 inches wide (812 mm);

v. Hotel complies with all local and/or national disability laws (outside U.S.) or the Americans with Disabilities Act of 1990 (for U.S. hotels only);

w. Grab bars in bathroom;

x. Hotel complies with ADA Guidelines;

y. Level or ramp entrance into the building;

z. Lowered emergency evacuation instructions;

aa. Public Areas/Facilities accessible for physically challenged; and

bb. Rooms accessible to wheelchairs (no steps).

16. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which denied him the full and equal access to the property.

17. Therefore, at said time and place, Mr. Mortland, who is a person with disabilities, encountered numerous inaccessible elements of the subject Hampton Inn hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, Mr. Mortland personally encountered the

following barriers to access at Defendant's property:

a. In guestroom 321, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section 308.2.1 and 308.3.1.

b. In guestroom 321, the closet rod is positioned too high for either a side or front approach in 2010 ADAS Section 308.2.1 and 308.3.1.

c. In guestroom 321, the iron is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

d. In guestroom 321, the water and drain pipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and 2010 ADAS Section 606.5.

e. In guestroom 321, the side grab bar at the toilet is too high in violation 1991 ADAS Section 4.17.6 and 2010 ADAS Section 609.4.

f. In guestroom 321, the side grab bar at the toilet does not extend far enough from the rear wall in violation of 1991 ADAS Section 4.17.6 and 2010 ADAS Section 604.5.1.

g. In guestroom 321, at the shower, the operable parts of controls are not located on the back wall adjacent to the seat a maximum of 27" from the seat wall in violation of 1991 ADAS Section 4.21.5 and 2010 ADAS Section 608.5.2.

h. In guestroom 321, at the shower, the hand held spray unit is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

i. In guestroom 321, the floor lamp is not accessible because there is not an adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and 2010 ADAS Section 305.3.

j. At the breakfast area, there are no accessible dining surfaces in violation of 1991 ADAS Section 5.1 and 2010 ADA Section 226.1.

k. In the breakfast area, compliant knee and/or toe space is not provided at the dining tables in violation of 1991 ADAS Section 4.32.3 and 2010 ADAS Section 306.2.1.

l. At the breakfast area, compliant knee clearance is not provided at the accessible dining table in violation of 1991 ADAS Section 4.32.3 and 2010 ADAS Section 306.3.3.

m. At the pool, there does not exist the required accessible means of entry in violation of 2010 ADAS Section 242.2 Exception 1.

n. At the pool, the spa does not contain a mechanism to assist persons with disabilities in gaining entry into the spa and in exiting from the spa in violation of 2010 ADAS Section 242.4.

o. At the pool, the shower stall is not 60" minimum clear opening in violation of 1991 ADAS Section 4.21.2 and 2010 ADAS Section 608.2.2.

p. At the pool, the grab bars for the transfer type shower are missing in violation of 2010 ADAS Section 608.3.1.

q. At the pool, there is no hand held sprayer unit in the shower in violation of 2010 ADAS Section 608.6.

r. At the pool, the shower compartment is missing a seat in violation of 1991 ADAS Section 4.21.3 and 2010 ADAS Section 608.4.

s. At the pool public restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 1991 ADAS Section 4.19.4 and 2010 ADAS Section 606.5.

t. At the pool public restroom, the side grab bar is too high in violation of 1991 ADAS Section 4.17.6 and 2010 ADAS Section 609.4.

u. At the pool public restroom, the rear grab bar is too high in violation of 1991 ADAS

Section 4.17.6 and 2010 ADAS Section 609.4.

v. At the pool public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section 604.7.

w. At the fitness room, the route of travel does not provide a minimum width of 36" in violation of 1991 ADAS Section 4.3.3 and 2010 ADAS Section 403.5.1.

x. At the fitness room, the fitness equipment is not accessible because there is not adequate clear floor space for an approach in violation of 1991 ADAS Section 4.2.4.1 and 2010 ADAS Section 305.3.

y. At the fitness room, the towel hooks are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1.

z. At the fitness room, the climate controls are out of the maximum allowable reach range for a side approach.

aa. In other guestrooms, according to information and belief, there are not enough accessible rooms designed with mobility features in violation of 2010 ADAS Section 224.2.

bb. In other guestrooms, upon information and belief, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 1991 ADAS Section 9.1.4(1) and/or 2010 ADAS Section 224.5.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. Mr. Mortland suffered from personal physical injury to his shoulders, back, neck, and spine, when he was (1) forced to traverse over or around barriers to access at Defendant's property, including his guestroom, and when he (2) attempted to and/or did use inaccessible and dangerous hotel amenities, such as the severely inaccessible roll-in shower in guestroom 321.

22. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

23. Mr. Mortland, as described herein below, seeks injunctive relief to require the Hampton Inn hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Hampton Inn hotel as a public facility.

24. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Hampton Inn hotel accessible to persons with disabilities.

26. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Hampton Inn hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Hampton Inn hotel was in violation of the civil rights of

persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

28. Mr. Mortland will return, and has an intention to return, to the subject Hampton Inn hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. As the hotel is not presently accessible and dangerous for Mr. Mortland, he cannot safely return to Defendant's property.

29. Should the Hampton Inn hotel become accessible, Mr. Mortland will visit it again because: (1) he frequently travels to the Fort Wayne, IN area for business and entertainment; (2) has friends who live in or near Fort Wayne, IN who he visits; (3) frequents Sweetwater Music, a retail store, where he has a friend who works there and who he visits; (4) will be visiting the Auburn Cord Duesenberg Automobile Museum with his wife in Summer, 2024, which is close to Defendant's property; and because (5) he found the hotel rates amenable for his budget.

30. Furthermore, Mr. Mortland intends, and will, return to the Hampton Inn hotel to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

> privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Hampton Inn hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

make the required services available through alternative methods which were readily achievable.

40. On information and belief, Defendant's Hampton Inn hotel was constructed prior to January 26, 1992.

41. On information and belief, other construction work on, and modifications of, the subject Hampton Inn hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

43. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about March 29, 2023 through March 30, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the Hampton Inn hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

Respectfully submitted,

THE MEEKER GROUP, LLC

/s/ *COLIN G. MEEKER*

COLIN G. MEEKER (Ohio Bar No. 0092980)
2991 Millboro Rd., Ste. 101
Silver Lake, OH 44224
Telephone: (330) 603-7173
TheMeekerGroup@outlook.com

Attorney for Plaintiff Derek Mortland