UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEREK MORTLAND,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JAIRAJ DUPONT, LLC,<br><br>　　Defendant. | Case No. 1:24-CV-1-CCB-SLC |

## ORDER

Pending before the Court is Defendant Jairaj Dupont, LLC's ("Jairaj Dupont") Motion to Dismiss Plaintiff Derek Mortland's Amended Complaisnt. (ECF 18). For the reasons set forth below, the Motion to Dismiss is denied.

### FACTUAL BACKGROUND

In March 2023, Mortland, who is allegedly paralyzed and uses a wheelchair, stayed at a Hampton Inn hotel—an alleged public accommodation—in Fort Wayne, Indiana. (ECF 16 at ¶¶ 2, 5). The Hampton Inn is allegedly owned by Jairaj Dupont. (*Id.* at ¶ 2). Mortland alleges that he encountered several inaccessible elements and architectural barriers at the hotel, including in the room, restroom, breakfast area, and fitness room. (*Id.* at ¶¶ 16-17). Mortland alleges that he suffered personal physical injury to his shoulders, back, neck and spine when he had to maneuver around those barriers, and when he tried to use an inaccessible roll-in shower. (ECF 16 at ¶ 21). Mortland also alleges his intention to return to the hotel if it becomes accessible because he often travels to the Fort Wayne area for business and to visit friends, he has plans to

visit a nearby local museum with his spouse in the summer, and the hotel's rates are within his budget. (ECF 16 at ¶ 29).

Mortland thus sued Jairaj Dupont for denial of access to a public accommodation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*, and seeks injunctive relief. Jairaj Dupont argues that Mortland lacks Article III standing to bring this lawsuit, and moves to dismiss Mortland's Amended Complaint under Fed. R. Civ. 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

In Jairaj Dupont's motion to dismiss, it makes fleeting assertions that Mortland has no "evidence" of having Article III standing. However, the Court construes Jairaj Dupont's instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) as asserting a facial challenge to Mortland's amended complaint, not a factual challenge, because Jairaj Dupont contends that Mortland's complaint lacks factual allegations to establish standing.[1] *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)'

---

[1] A factual challenge, on the other hand, is one in which the Court evaluates whether "there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient," and looks beyond the pleadings and views any evidence submitted to determine whether subject matter jurisdiction exists. *Silha*, 807 F.3d at 173.

an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the Court must "use *Twombly-Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). The Court must therefore "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff" when evaluating whether a complaint adequately pleads standing. *Id.* ("[S]tanding must be supported in the same way as any other matter on which the plaintiff bears the burden of proof[.]").

## ANALYSIS

Mortland, as the party invoking federal jurisdiction, bears the burden of demonstrating he satisfies the elements of Article III standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021). To establish Article III standing, a "plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

3

speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). In addition, where, as here, a plaintiff seeks prospective injunctive relief, he must also allege a "real and immediate"—not a "conjectural or hypothetical"—threat of a future violation of his rights. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation and internal quotation marks omitted); *Scherr v. Marriott Inter'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013).

First, Jairaj Dupont argues that Mortland fails to sufficiently plead a concrete and particularized injury fairly traceable to Jairaj Dupont's alleged conduct. (ECF 19 at 6-7). Mortland alleges that he suffered "personal physical injury to his shoulders, back, neck, and spine" from moving around the barriers at the Hampton Inn and when he attempted to use the Hampton Inn's amenities. (ECF 16 at ¶ 21). Tangible harms, such as physical harms, "readily qualify as concrete injuries under Article III." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Accepting Mortland's allegations as true, Mortland plausibly alleges that he suffered a concrete and particularized injury fairly traceable to Jairaj Dupont. While Jairaj Dupont expresses its doubts as to Mortland's physical injuries, it is not for the Court to evaluate whether Mortland actually suffered any injuries so as to confer standing at the motion-to-dismiss stage.

Lastly, Jairaj Dupont argues that Mortland lacks standing to pursue prospective injunctive relief because his alleged future visits to the Hampton Inn are insufficient to demonstrate real and immediate threat of future violations of his rights. (ECF 19 at 10). Mortland alleges in his amended complaint that in the future he would visit the

4

Hampton Inn if it became accessible because he frequents Fort Wayne for work and to visit friends, and the Hampton Inn is near a museum Mortland intends to visit with his spouse.

Jairaj Dupont argues that Mortland's allegations that he will "some day" revisit Hampton Inn is insufficient, relying on the Supreme Court decision *Lujan v. Defenders of Wildfire*, 504 U.S. 555 (1992) in support. In *Lujan v. Defenders of Wildlife*, the Supreme Court held that "some day intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the actual or imminent injury that our cases require." 504 U.S. at 564 (emphasis and internation quotations omitted). Eight years later, in *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, the Supreme Court found that the plaintiffs' conditional statements that they would use a nearby river for recreational use if the defendant were to stop discharging pollutants into the river was sufficient to show injury in fact. 528 U.S. 167, 184 (2000). The Supreme Court distinguished its holding from *Defenders of Wildlife*, and explained that the plaintiffs' future use of a nearby river cannot "be equated with the speculative 'some day intentions' to visit endangered species halfway around the world that we held insufficient to show injury in fact in *Defenders of Wildlife*." *Id.*

The Seventh Circuit decision in *Scherr*, which followed the Supreme Court's decision in *Friends*, is instructive. *See Scherr*, 703 F.3d at 1074-75. In *Scherr*, the Seventh Circuit held that the plaintiff plausibly alleged standing when the plaintiff alleged her

5

intent to stay at the defendant hotel but for the ADA violations because she traveled to the area frequently, and plaintiff's family lived near the hotel. *Id.* at 1074-75.

With this backdrop, the Court finds that Mortland's allegations that he intends to travel to the Fort Wayne area in the future to visit friends and family, and his intent to stay at Hampton Inn if it became accessible, plausibly alleges a real and immediate threat of a future violation of his rights.

## CONCLUSION

Mortland plausibly alleges Article III standing, therefore Jairaj Dupont's motion to dismiss (ECF 18) is **DENIED**.

SO ORDERED.

January 30, 2025

                                         /s/*Cristal C. Brisco*
                                         CRISTAL C. BRISCO, JUDGE
                                         UNITED STATES DISTRICT COURT