UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DEREK MORTLAND,

    Plaintiff,

    v.

JAIRAJ DUPONT, LLC,

    Defendant.

Case No. 1:24-CV-1-CCB-SLC

## OPINION AND ORDER

Pending before the Court is Defendant Jairaj Dupont, LLC's ("Jairaj Dupont")

Motion to Dismiss Plaintiff Derek Mortland's Second Amended Complaint. (ECF 48).

Through his Second Amended Complaint, Plaintiff seeks injunctive relief against Jairaj

Dupont under Title III of the Americans with Disability Act of 1990, 42 U.S.C. §§ 12101,

*et seq.*, ("ADA") for denial of access to a place of accommodation. For the reasons below,

Jairaj Dupont's Motion to Dismiss is denied.

### FACTUAL BACKGROUND

In March 2023, Mortland, who is allegedly paralyzed and uses a wheelchair,

stayed at a Hampton Inn hotel—a public accommodation as defined in the ADA—in

Fort Wayne, Indiana. (ECF 47 at ¶¶ 2, 5). The Hampton Inn is allegedly owned by Jairaj

Dupont. (*Id.* ¶ 2). Mortland alleges that he encountered several inaccessible elements

and architectural barriers at the hotel in the guestroom and bathroom as well as the

hotel's breakfast area, pool, spa, public restroom, and fitness room. (*Id.* ¶ 18). Mortland

alleges generally that he was "denied his civil rights to full and equal access to public

facilities" and "suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access." (*Id*. ¶ 21). Mortland describes being "physically prevented" from using certain hotel features and amenities; "forced to unnaturally reach and extend his body" to use certain features; and faced with tasks that were made "more physically demanding and unsafe" because of the alleged barriers. (*Id*. ¶ 18). Even more specifically, Mortland alleges that placement of the shower controls and handheld spray unit required him "to reach and extend his body from the opposite wall's shower seat, resulting in a cervical strain and inflammation of his left and right shoulders, where he had previously experienced rotator cuff injuries." (*Id*.).

Mortland also alleges he intends to return to the hotel, if it becomes accessible, because its rates fit his budget, and he often travels to the Fort Wayne area for business and entertainment, to visit friends, to frequent a music store where a friend works, and to visit a nearby museum he enjoys. (*Id*. ¶ 29). He alleges three other instances when he intends to return to the Fort Wayne area and will require lodging: (1) on June 12, 2025, when he stays the night while traveling from his home in Columbus, Ohio to South Haven, Michigan for the National Auto Sport Association Beach Party-on the Shore of Lake Michigan (*Id*. ¶ 30); (2) on or around January 1, 2028, "to perform an accessibility re-evaluation of a nearby hotel" (*Id*. ¶ 31); and (3) after a settlement or injunction resolves this case, to ascertain whether Jairaj Dupont removed the barriers to access at the Hampton Inn (*Id*. ¶ 32).

Jairaj Dupont argues that Mortland lacks Article III standing to bring this lawsuit and moves to dismiss Mortland's Second Amended Complaint under Fed. R. Civ. 12(b)(1) and 12(b)(6).

### STANDARD OF REVIEW

Jairaj Dupont asserts a facial challenge to subject matter jurisdiction[1] in this case by contending that Mortland's Second Amended Complaint lacks sufficient factual allegations to establish standing. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). In reviewing a facial challenge, the court looks only to the complaint without considering any extrinsic evidence and accepts all well-pleaded factual allegations as true drawing all reasonable inferences in favor of the plaintiff for purposes of the motion. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *see also Silha*, 807 F.3d at 173. In other words, Jairaj Dupont presents a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and its motion must be considered using the same analysis conducted when reviewing whether a complaint adequately states a claim for relief under Fed. R. Civ. P. 12(b)(6). *Silha*, 807 F.3d at 173.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a

---

[1] A factual challenge, on the other hand, is one in which the Court evaluates whether "there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient," and may consider evidence beyond the pleadings to determine whether subject matter jurisdiction exists. *Silha*, 807 F.3d at 173.

complaint "must contain 'allegations plausibly suggesting (not merely consistent with)'

an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action,"

and "naked assertions" without supporting facts are inadequate. *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557). "[L]egal conclusions can provide the framework of a

complaint [but] must be supported by factual allegations." *Id.* at 679. A complaint

therefore fails to state a claim if it does not "describe the claim in sufficient detail to give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests

[or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above

a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.

2007) (internal quotations omitted).

Therefore, when evaluating Jairaj Dupont's facial challenge to subject matter

jurisdiction under Rule 12(b)(1) based on Mortland's allegations of standing, the Court

must apply the *Twombly-Iqbal* "plausibility" requirement. *See Silha*, 807 F.3d at 173

("[S]tanding must be supported in the same way as any other matter on which the

plaintiff bears the burden of proof[.]").

**ANALYSIS**

Mortland, as the party invoking federal jurisdiction, bears the burden of proving

he satisfies the elements of Article III standing. *See TransUnion LLC v. Ramirez*, 594 U.S.

413, 430–31 (2021). To establish Article III standing, a "plaintiff must show (1) [he] has

suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or

imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

challenged action of the defendant; and (3) it is likely, as opposed to merely speculative,

4

that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). In addition, where, as here, a plaintiff seeks prospective injunctive relief, he must also allege a "real and immediate"—not a "conjectural or hypothetical"—threat of a future violation of his rights. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citation and internal quotation marks omitted); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013). Jairaj Dupont argues that Mortland fails to plausibly allege either a concrete and particularized injury fairly traceable to any alleged ADA violation by Jairaj Dupont or any real and immediate threat of future violation of his rights.

Concrete and Particularized Injury Fairly Traceable to Jairaj Dupont's Alleged Conduct

A particularized injury "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016). Thus, to establish standing, a plaintiff must show that he "suffered an injury beyond a statutory violation." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018).

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist" whether it is a tangible or an intangible harm. *Spokeo*, 578 U.S. at 340. Tangible harms, such as physical harms, "readily qualify as concrete injuries under Article III." *TransUnion LLC*, 594 U.S. at 425. Intangible harms are less likely to be deemed concrete injuries. *See Spokeo*, 578 U.S. at 340–41 (considering history and judgment of Congress in determining whether an intangible harm constitutes an injury in fact). Harms including stress, annoyance, intimidation, disgust, indignation, anxiety, embarrassment, and

5

confusion have been found not to constitute concrete injuries. *See, e.g., Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) (finding that mere confusion or feelings of intimidation do not amount to a concrete harm for purposes of standing unless a person acts to her detriment based on those abstract harms).

Mortland alleges several generalized harms. He alleges that he was physically prevented from using multiple hotel amenities. (ECF 47 at ¶ 18). Accepted as true, this harm reflects an ADA violation, but does not allege any concrete injury, particularized to Mortland. He also alleges some arguably physical consequences of the alleged violations— that he was "forced to unnaturally reach and extend his body" and that certain tasks were made "more physically demanding and unsafe." (*Id.*). Even accepting these allegations of harm as true, they reflect ADA violations without sufficient factual allegations to assert a plausible concrete injury.

Mortland then alleges several intangible harms arising from his experience at the Hampton Inn including "shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access." (*Id.* ¶ 21). No further analysis of these intangible harms is required because Mortland has alleged physical harms that readily qualify as concrete injuries under Article III. *See TransUnion LLC*, 594 U.S. at 425. Specifically, Mortland alleges that he suffered cervical strain and bilateral shoulder inflammation as the result of reaching and extending his body to use the shower controls and handheld sprayer unit. (*Id.* ¶ 18). As required, this Court accepts Mortland's allegations of physical injury

traceable to Jairaj Dupont's alleged ADA violations as true. *Silha*, 807 F.3d at 173; *Apex Digit.*, 572 F.3d at 443–44. No further evaluation as to whether Mortland actually suffered these physical injuries, to establish an injury in fact for purposes of standing, is necessary at the motion-to-dismiss stage.[2] (*Cf.* ECF 29 at 4).

Threat of Future Violation of Rights

Lastly, Jairaj Dupont contends that Mortland has not "establish[ed] the requisite 'real and immediate' threat of future harm necessary for Article III standing in the context of prospective injunctive relief." (ECF 49 at 11 (citing *Lyons*, 461 U.S. at 102)). In his Second Amended Complaint, Mortland alleges that he would visit the Hampton Inn in the future if it became accessible because its rates fit his budget, and he often travels to the Fort Wayne area for business and entertainment, to visit friends, to frequent a music store where a friend works, and to visit a nearby local museum he enjoys. (*Id.* ¶ 29). As outlined above, he also alleges that he will require lodging in the Fort Wayne Area on June 12, 2025, while on his way to a national auto event in Michigan; on or around January 1, 2028, to re-evaluate accessibility at a nearby hotel; and at an unspecified date to re-evaluate accessibility at the Hampton Inn depending on the outcome of this case. Jairaj Dupont argues that Mortland's vague allegations that he will

---

[2] Jairaj Dupont also asks the Court to consider information about Mortland's history as an ADA plaintiff in other cases in this District and other federal courts in assessing his allegations relevant to the injury-in-fact analysis in this case. (ECF 49 at 6–7, 10–11). Any consideration of information beyond the bounds of the Second Amended Complaint is improper in evaluating Jairaj Dupont's facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Silha,* 807 F.3d at 173; *Apex Digit.*, 572 F.3d at 443–44.

"some day" revisit Hampton Inn remain speculative and insufficiently allege a real and immediate threat of future harm.

In support, Jairaj Dupont relies on *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). In *Lujan v. Defenders of Wildlife*, the Supreme Court held that "some day intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the actual or imminent injury that our cases require." 504 U.S. at 564 (emphasis and internal quotations omitted). Eight years later, in *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, the Supreme Court found that the plaintiffs' conditional statements that they would use a nearby river for recreational use if the defendant were to stop discharging pollutants into the river was sufficient to show injury in fact. 528 U.S. at 184. The Supreme Court distinguished its holding from *Defenders of Wildlife*, and explained that the plaintiffs' future use of a nearby river cannot "be equated with the speculative 'some day intentions' to visit endangered species halfway around the world that we held insufficient to show injury in fact in *Defenders of Wildlife*." *Id.*

Consistent with *Laidlaw*, the Seventh Circuit held that a plaintiff, injured as the result of an ADA violation at a hotel, alleged a real and immediate threat of future harm for standing purposes because she visited the area frequently, planned to attend a cousin's upcoming wedding nearby, and her family lived near the hotel. *Scherr*, 703 F.3d at 1074-75. Mortland's allegations, accepted as true, provide sufficient facts to plausibly allege a real and immediate threat of a future violation of his rights despite Jairaj Dupont's skepticism about Mortland's intent to return to the Hampton Inn.

8

**CONCLUSION**

For the reasons discussed above, Mortland plausibly alleges Article III standing

in his Second Amended Complaint. Therefore, Jairaj Dupont's motion to dismiss is

**DENIED**. (ECF 48).

SO ORDERED on March 24, 2026.

                                   /s/*Cristal C. Brisco*

                                   CRISTAL C. BRISCO, JUDGE

                                   UNITED STATES DISTRICT COURT